In the Matter of MARTIN E. EADES, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 27, 1988

**APPEARANCES OF COUNSEL**

*Martin E. Eades,* respondent *pro se.*

*David E. Brennan (Gerard M. LaRusso* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this court in February 1973 and maintains an office for the practice of law in Geneva, New York. The petition filed by the Grievance Committee of the Seventh Judicial District charges him with violations of Code of Professional Responsibility DR 9-102, failing to preserve and identify funds of a client; DR 9-102 (B) (3), failing to maintain complete records of his clients and failing to render appropriate accounts to his clients regarding them; and DR 6-101 (A) (3), neglecting a legal matter entrusted to him. The petition further charges respondent with violating the Rules of the Appellate Division, Fourth Department (22 NYCRR 1022.5 [a], [b]), commingling and converting client funds and failing to maintain true and adequate records of client fiduciary accounts.

Specifically, the petition alleges that in March 1987 he was retained by Frederick Wright to represent him in the sale and conveyance of real property. From the sale on April 13, 1987, he received on behalf of his client $1,688.52, which on May 7, 1987 he placed on deposit in his trust account. From the trust account he paid $284 in expenses but failed to identify and preserve the remaining $1,404.52 of his client's funds. The bank statements show that the bank balances during the following eight months fell well below $1,404.52. Respondent failed to respond to several inquiries and requests from his client for a closing statement and for the balance of the closing proceeds. Finally, on February 5, 1988 respondent reimbursed his client the balance due, with interest at 10%. A review of the bank statements and records revealed that respondent failed to maintain a running balance of his trust account and failed to keep and maintain ledger sheets reconciled with his trust account, which would have illustrated the existing balance of funds on hand for each client.

Respondent has admitted all of the allegations of fact contained in the petition. In mitigation, he alleges that when he received the proceeds of the sale, $1,688.52, there was no closing statement attached confirming the adjustments and disbursements; that he requested the statement from the purchaser's attorney and when he received it he lost track of

it in his office; that he again requested the information from the purchaser's attorney and the delay in following up caused the matter to linger; that by telephone on several occasions he told his client the reason for the delay and he agreed to pay him interest; that he did occasionally write a disbursement check from the trust account on behalf of a client before the funds to cover that check were received, but at no time did he use any of his client's funds for his personal use; and that the reason his trust account was not reconciled and kept current was that, at the time, his office was overcrowded and under-staffed.

Based on the allegations of fact contained in the petition and admitted by respondent, we conclude that respondent has violated Code of Professional Responsibility DR 9-102, DR 9-102 (B) (3); DR 6-101 (A) (3), and the Rules of the Appellate Division, Fourth Department (22 NYCRR 1022.5 [a], [b]), as charged, and that he should be suspended from the practice of law for a period of six months and until further order of this court.

In making this determination we have considered defendant's otherwise unblemished record of 15 years in the practice of law.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and GREEN, JJ., concur.

Order of suspension entered.